UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| RICHARD TERRY HEIT,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SHERMAN CAMPBELL, et al.,<br><br>　　　　　　　　Defendants. | Case No. 26-10007<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO DEFER OR DENY
SUMMARY JUDGMENT AND FOR EARLY DISCOVERY AND
STRIKING PLAINTIFF'S IMPROPER FILINGS
(ECF NOS. 4, 5, 6)**

Plaintiff Richard Terry Heit, a pro se parolee proceeding in forma pauperis, sues Defendants Sherman Campbell and John Does under 42 U.S.C. § 1983 about the conditions of his confinement.  ECF No. 1.  The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 12.

Heit moves to defer or deny summary judgment under Federal Rule of Civil Procedure 56(d), arguing that he cannot present facts essential to justify his opposition.  ECF No. 4; ECF No. 5.  But no dispositive motion is pending—and more critically no defendant has been served with process.  Thus, the Court denies Heit the requested relief.

In the same motion, Heit requests early discovery and an order to preserve evidence to prevent spoliation.  Parties generally "may not seek discovery from any source before conferring as required by Rule 26(f)" unless authorized by the rules, stipulation, or court order.  Fed. R. Civ. P. 26(d)(1) (cleaned up).  "[W]hen reviewing a request for early discovery, courts often consider whether the requesting party has demonstrated 'good cause.'"  *Simpson v. Doe #1-2*, No. 21-10877, 2021 WL 8084521, at *1 (E.D. Mich. May 7, 2021) (citing 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (3d ed. 2021)).  Relevant factors include "the purpose for requesting expedited discovery, the breadth of discovery sought, and the possible harm to the defendants or other responding parties if the request is granted."  *Ward v. Alcar Recovery, LLC*, No. 2:23-CV-10157, 2023 WL 3026684, at *1 (E.D. Mich. Apr. 20, 2023).

Heit has not shown good cause for early discovery.  While he argues that evidence may be destroyed under defendants' retention policies, these concerns are speculative.  Defendants, as well as Heit, are "under an ongoing duty to preserve evidence which [they know] or reasonably should know is relevant to this action."  *Floyd v. 24 Hour Fitness USA, LLC*, No. 23-cv-00871, 2024 WL 710617, at *3 (N.D. Cal. Feb. 21, 2024); *see also Hubbuch v. Capital One, N.A.*, No. 25-CV-406, 2025 WL 2161238, at *1-2

2

(S.D.N.Y. Feb. 3, 2025) (rejecting argument that early discovery was warranted to preserve critical evidence as "entirely conclusory and speculative," given the defendant's obligation to preserve evidence).  And Heit offers no support for his assertion that defendants will spoliate evidence.  This motion is thus **DENIED**.

The Court also strikes Heit's improper filing.  Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer.  Parties may also file motions that "state with particularity the grounds for seeking" a court order.  Fed. R. Civ. P. 7(b).  And the Court's local rules permit parties to file responses and replies after a motion has been filed.  E.D. Mich. LR 7.1(d).

Heit filed a "preemptive opposition" to defendants' anticipated dispositive motion.  ECF No. 6.  As discussed, no dispositive motion has been filed and defendants have not yet been served.  Thus, Heit's preemptive opposition brief is unauthorized, and the Court **STRIKES** it.  ECF No. 6.

The Court **WARNS** Heit that he may face sanctions if he clogs the docket with improper filings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).  Heit's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  If Heit continues to do so, the sanctions that he may face include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court."  *Hardy v. Whitaker*, __ F.R.D. ___, 2026 WL 575225, at *11 (E.D. Mich. Mar. 2, 2026).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 11, 2026

4

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 11, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
 Case Manager