UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD TERRY HEIT,<br><br>                        Plaintiff,<br><br>v.<br><br>SHERMAN CAMPBELL, *et al.*,<br><br>                        Defendants. | Case No. 26-cv-10007<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER FOR THE U.S. MARSHAL SERVICE TO SERVE PLAINTIFF'S COMPLAINT ON COUNSEL FOR THE MICHIGAN DEPARTMENT OF CORRECTIONS AND FOR PLAINTIFF TO IDENTIFY UNKNOWN DEFENDANT THROUGH DISCOVERY

Plaintiff Richard Terry Heit, a pro se parolee proceeding in forma pauperis, sues John Doe #1 under 42 U.S.C. § 1983 about the conditions of his confinement.  ECF No. 1.  Doe is identified only as a writ coordinator at the Adrian Correctional Facility (ARF).  The Court has recommended dismissing Heit's claims against Defendants Sherman Campbell and John Does #2-5.  ECF No. 14.  The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 12.

Because Heit is proceeding in forma pauperis, the Court directed the United States Marshals Service to effect service on defendants at the addresses provided in the complaint pursuant to 28 U.S.C. § 1915(d). ECF No. 8; ECF No. 9. No defendants have been served. If Judge Lawson adopts the report and recommendation, Doe #1 would be the sole remaining defendant requiring service.

It is Heit's duty to identify Doe #1. *Spencer v. Bynum*, No. 13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013) ("Where a plaintiff is proceeding *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants *once the plaintiff has properly identified the defendants in the complaint*.") (cleaned up)). When the district court orders the USMS "to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. 2004). But identifying a defendant, for example, as a "John Doe" prison guard does not suffice. *Sellers*, 902 F.2d at 602.

Under *Yates v. Young*, a plaintiff may use the "John Doe" designation "when the identity of the alleged defendant is not known at the time the

2

complaint is filed and plaintiff could identify defendant through discovery."

772 F.2d 909, 909 (6th Cir. 1985); *see also Palladeno v. Mohr*, No. 20-

3587, 2021 WL 4145579, at *3 n.3 (6th Cir. Sept. 13, 2021) (citing *Yates*

and noting that "[t]he presence of John Doe defendants is not fatal to a

claim.").  But a "plaintiff must substitute named defendants for those

unknown defendants after the completion of discovery."  *Strunk v. Liberty*

*Ins. Corp.*, No. 5:18-CV-288-JMH, 2019 WL 724430, at *2 (E.D. Ky. Feb.

20, 2019) (quoting *Simmons v. District of Columbia*, 750 F. Supp. 2d 43, 45

(D.D.C. 2011)).

Because Doe #1 can likely be identified through discovery, it is

appropriate to permit service of the complaint and discovery on the

Michigan Department of Corrections (MDOC).  *See Cowan v. Doe*, No.

1:23-cv-315, 2023 WL 4073681 (E.D. Mich. June 20, 2023) (permitting

service of the complaint and discovery on the prison warden until the Doe

defendants were identified through discovery).  The Court thus **ORDERS**

the USMS to serve the complaint on Allan Soros, counsel for the MDOC,

for the limited purpose of allowing Heit to discover the identity of Doe #1.

Once the MDOC has been served and has answered the complaint, Heit

must serve discovery on Soros limited to determining the identity of Doe

3

#1.  *Id.*  Upon discovery of Doe's identity, Heit must amend his complaint to name Doe, and the MDOC will be dismissed.  *Id.*

The Court **ORDERS** Heit, **by August 25, 2026**, to move to amend his complaint to name Doe #1 or show good cause for his failure to do so. Failure to amend his complaint and name Doe #1 may result in dismissal of the action.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 4, 2026

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager