**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

RICHARD TERRY HEIT,

Plaintiff,

v.

SHERMAN CAMPBELL, et al.,

Defendant.
______________________________/

Case No. 26-cv-10007

Hon. Michael C. Martin
United States District Judge

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS**

Plaintiff, Richard Terry Heit, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging various federal constitutional violations stemming from his incarceration at the Adrian Correctional Facility ("ARF"). (ECF No. 1.) Heit was granted permission to proceed *in forma pauperis* (ECF No. 8) and the case was referred to Magistrate Judge Elizabeth A. Stafford (ECF No. 12), who performed an initial screening of Heit's claims pursuant to 28 U.S.C. § 1915(e)(2). After screening the case, Magistrate Judge Stafford recommended that certain claims and certain defendants be dismissed. (ECF No. 14.) Heit filed five objections to the report and recommendation. (ECF No. 16.) For the following reasons, the Court

will adopt Magistrate Judge Stafford's report and recommendation and dismiss certain claims and certain defendants from this case.

When a party files timely objections to a report and recommendation, as Heit has done here, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified. 28 U.S.C. § 636(b)(1).

Magistrate Judge Stafford screened Heit's complaint pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) states that a district court "shall dismiss" an *in forma pauperis* complaint "at any time" if the court determines that the cause of action "is frivolous or malicious[,]" "fails to state a claim on which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." Magistrate Judge Stafford examined Heit's complaint and determined that Counts 3 through 6 should be dismissed without prejudice because they were factually "unrelated" to Claims 1 and 2, and therefore misjoined. (ECF No. 14, PageID.58.) Heit does not object to this portion of Magistrate Judge Stafford's report and recommendation, and the Court will adopt it in full.

Magistrate Judge Stafford also recommended that all of the defendants—except John Doe #1—should be dismissed because the complaint failed to allege facts that would establish their personal liability. (*Id.* at PageID.59–61.)

Heit's first objection is that Magistrate Judge Stafford's report and recommendation refers to him as a "parolee." (ECF No. 16, PageID.69.) Heit claims he was "neither incarcerated nor on parole" when he filed his complaint and asks the Court to "correct the factual record and conduct its review based upon Plaintiff's actual status at the time the suit was filed." (*Id.*) This objection is noted by the Court, but has no consequence. Even if the Court assumes that Magistrate Judge Stafford was incorrect in her description of Heit, his status as a parolee played no role in her legal or factual analysis.

Heit's second objection is more substantive. Heit's complaint alleged Defendant Sherman Campbell, who was the ARF Warden, and John Doe #1, who was the Writ Coordinator for the ARF, twice failed to bring Heit to a state court criminal hearing despite being directed to do so by a writ of habeas corpus. (ECF No. 1, PageID.2.) Given that Campbell was the Warden of the ARF, Magistrate Judge Stafford considered whether Heit had alleged sufficient facts to show that Campbell could be liable under § 1983 in his supervisory capacity. (ECF No. 14, PageID.13.) Magistrate Judge Stafford concluded that Heit's complaint was deficient, and this Court agrees.

Campbell cannot be held liable under § 1983 for the constitutional violations of subordinates simply because he was charged with overseeing them. *Peatross v. City of Memphis*, 818 F.3d 233, 241–42 (6th Cir. 2016). Heit's complaint must plead that Campbell violated the Constitution through his own actions. *Id.* The Sixth Circuit has "long held" that supervisory liability under § 1983 requires "active unconstitutional behavior" on the part of the supervisor. *Id.* at 241 (quoting *Bass v. Robinson*, 67 F.3d 1041, 1048 (6th Cir. 1999)). A "mere failure to act will not suffice to establish supervisory liability." *Id.* (citing *Gregory v. Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)).

It is possible, however, that wardens can be liable in a supervisory capacity, such as when a warden "abandon[s] the specific duties of [his] position…in the face of actual knowledge of a breakdown in the proper workings of the department." *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (quoting *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992)). For example, in *Venema v. West*, 133 F.4th 625, 628-29 (6th Cir. 2025), the estate of a prisoner who asphyxiated himself with a plastic bag sued the warden of the correctional facility where the suicide occurred. The Sixth Circuit ruled that the complaint was sufficient to defeat a motion to dismiss because it specifically alleged that the warden actually "knew that corrections officers were providing plastic bags—dangerous contraband—to prisoners." *Id.* at 635.

In contrast, the Sixth Circuit ruled in *Winkler v. Madison Cnty.*, 893 F.3d 877, 889-99 (6th Cir. 2018) that a plaintiff's complaint was insufficient to defeat a motion for summary judgment. The plaintiff in *Winkler* was the estate of a man who was placed in a county detention center where he died of a serious medical condition. *Id.* at 885. The Sixth Circuit affirmed the district court's dismissal of the claims against the official in charge of the detention center because the plaintiff "cited no facts showing that Jailer Thomas was aware that jail personnel or the medical staff were not following Detention Center policies." *Id.* at 899. Without evidence that Thomas specifically knew that inadequate medical care was being provided to detainees, there was "no basis to conclude that Jailer Thomas acquiesced or directly participated in the provision of constitutionally inadequate care" to the man who died. *Id.*

Heist's complaint suffers from the same deficiencies as the plaintiff's allegations in *Winkler*. There is simply nothing in Heit's complaint that alleges Campbell actually knew that subordinates were not complying with writs. Nor is there any allegation that Campbell took any action himself to violate the writs. Magistrate Judge Stafford was correct to recommend that the Court dismiss Campbell from this case.

Heit objects to this conclusion on the ground that the writs were issued to the warden and that Heit's "theory is therefore one of direct liability arising from

Campbell's own failure to comply with court-issued writs, not vicarious liability arising from the acts of subordinates." (ECF No. 16, PageID.70.) But a "theory" is not the same as actual factual allegations; and Heit's complaint does not assert any affirmative act that Campbell took to violate the writs. Therefore, even if the Court were to examine Campbell's individual actions instead of his liability as a supervisor, Heit's complaint is still legally deficient.

The Court is mindful that it "must construe the complaint in the light most favorable to the plaintiff," *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)), and that *pro se* complaints, like Heit's, are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, "minimum pleading requirements" are still applicable, "even for *pro se* plaintiffs." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Among those minimum pleading requirements is that the complaint contain "factual allegations" that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Wright & Miller's Federal Practice & Procedure* § 1216 (3d ed. 2004)). Heit's complaint contains no factual allegation that Campbell was personally involved with the writs pertaining to Heit, or that Campbell had knowledge that writs were not being fulfilled by subordinates. Rather, Heit's complaint simply states that the writs were issued, that the writs were directed at

the warden and the writ coordinator, and that Heit was not brought to court. But correlation is not causation. Just because Heit was not brought to court does not mean that Campbell was personally involved or had personal knowledge of Heit's writs. This Court will not "conjure up unpled allegations, nor create a claim for Plaintiff." *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (first citing *McDonald v. Hall*, 610 F.3d 16, 19 (1st Cir. 1979); and then citing *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 117, 1169 (6th Cir. 1975)).

Heit's third objection to Magistrate Judge Stafford's report and recommendation is that it "erroneously recommends" that the Court dismiss John Doe #1, the writs coordinator, from this case. (ECF No. 16, PageID.70.) Magistrate Judge Stafford's report and recommendation does make this recommendation. Rather, Magistrate Judge Stafford recommended that only "Defendants Campbell and Does #2 through #5 be *sua sponte* **DISMISSED** from the action." (ECF No. 14, PageID.62.) Heit's third objection therefore has no merit.

Heit's fourth objection is that he believes a state court Register of Actions, which he attached to his complaint, "confirms the failure to comply with the writs" by Campbell and John Doe #1. (ECF No. 16, PageID.71.) The Register of Actions supplied by Heit does not show that Campbell was personally involved in the writs, or had knowledge that writs were not being fulfilled. (ECF No. 1,

PageID.11.) The Register of Actions does not even mention Campbell at all. Therefore, the Register of Actions does not fill the factual hole in Heit's complaint.

Finally, Heit's fifth objection is actually a request. In the event that claims are dismissed, Heit asks that "dismissal remain without prejudice and that leave to amend be freely granted should discovery reveal additional supporting facts." (ECF No. 16, PageID.72.) Magistrate Judge Stafford recommended dismissal without prejudice, and this Court agrees. (ECF No. 14, PageID.61–62.) However, the Court denies Heit's request in so far as it seeks a preliminary ruling on whether to permit him to file an amended complaint. Heit has not filed a motion to amend, and therefore, there is nothing before the Court to rule on.

For the foregoing reasons, Heit's objections (ECF No. 16) are **OVERRULED** and Magistrate Judge Stafford's report and recommendation (ECF No. 14) is **ADOPTED**. Claims 3 through 6 of Heit's complaint, Defendant Campbell and John Does #2 through #5, are all **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/Michael C. Martin
MICHAEL C. MARTIN
United States District Judge

Date: November 23, 2026